**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 12, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10396
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERRI ANN KAETHER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-251-I-A
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, HIGGINBOTHAM, and WEINER, Circuit Judges.

PER CURIAM:[*]

We previously affirmed the district court's upward departure

in sentencing Sherri Ann Kaether for unlawful possession of

stolen mail.  While petition for _certiorari_ with the Supreme

Court was pending in this case, the Supreme Court decided _United_

_States v. Booker_.[1]  It subsequently granted Kaether's petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 125 S.Ct. 738 (2005).

for certiorari and vacated and remanded for reconsideration in light of *Booker*.

As the Government concedes, there was *Booker* error here because the district court enhanced Kaether's sentence based on facts, other than a prior conviction, neither alleged in the indictment and proven to a jury nor admitted by Kaether. However, because Kaether concedes that she did not preserve this error, she must show that the error was plain.[2] And she concedes that she cannot meet this burden because she cannot show that the district court would have sentenced her less harshly had it known the Sentencing Guidelines were not mandatory.[3] We decline her invitation to revisit our precedent rejecting her arguments that plain error review should not apply[4] and that *Booker*'s remedial holding cannot be applied to her retroactively.[5]

Kaether's sentence is AFFIRMED.

---

[2] *See United States v. Akpan*, 407 F.3d 360, 375-76 (5th Cir. 2005).

[3] *See United States v. Mares*, 402 F.3d 511, 522 (5th Cir. 2005).

[4] *See id.*

[5] *See United States v. Scroggins*, 411 F.3d 572, 575-77 (5th Cir. 2005).